UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------x

TELL BEHARRY,

                      Plaintiff,                    **Case No.: 18-2042**

    - against –

CITY OF NEW YORK POLICE DEPARTMENT,      **COMPLAINT**

                    Defendant.                 **DEMAND FOR JURY TRIAL**

------------------------------------------------------------------------x

       Mr. Tell Beharry, by his attorneys, White, Nisar & Hilferty, LLP, alleges upon knowledge to himself and upon information and belief as to all other matters as follows:

## PRELIMINARY STATEMENT

    1.    Plaintiff Mr. Tell Beharry ("Mr. Beharry"), an African-American sergeant for the 46th Precinct, files this complaint alleging that Defendant ("the NYPD") illegally and improperly denied Mr. Beharry overtime opportunities, retaliated against him by denying him supervisory positions with flexible schedules, and generated pretextual reprimands against him upon his race and retaliation. Mr. Beharry diligently performed his job duties for Defendant over the course of seventeen years, only to receive disparate treatment in his employment opportunities. Mr. Beharry now requests this Court enforce his civil rights as protected by federal, state, and local law.

    2.    Plaintiff brings this action pursuant Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. §1981 *et seq.*, 42 U.S.C. § 2000 *et seq.*, the New York State Human Rights Law, N.Y. Exec. Law 290. *et seq.*, and the New York City Human Rights Law, N.Y. Admin Code 8-101, *et seq.* against the NYPD.

## JURISDICTION & VENUE

3. This Court has jurisdiction pursuant to 28 U.S.C. §1331 and 1343, as this action involves federal questions regarding deprivation of Plaintiff's Civil Rights under Title VII and the other aforementioned federal statutes. The Court has supplemental jurisdiction over Plaintiff's related claims arising under state and local law pursuant to 28 U.S.C. §1367(a).

4. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein, occurred in this district.

## PROCEDURAL REQUIREMENTS

5. Mr. Beharry complied with all statutory prerequisites to filing this action.

6. On June 6, 2017, Mr. Beharry filed a Verified Complaint with the U.S. Equal Employment Opportunity Commission ("EEOC") charging Defendants with unlawful discriminatory employment practices.

7. On December 7, 2017, the EEOC issued Mr. Beharry a notice of right to file suit in federal court for allegations of unlawful discrimination on the basis of racial discrimination as set forth in the Complaint.

8. Mr. Beharry filed this action within 90 days of receipt of the EEOC's decision.

9. Mr. Beharry met any and all other prerequisites to the filing of this suit.

## THE PARTIES

10. Plaintiff Mr. Tell Beharry is an African-American male residing in Suffolk County, New York. The NYPD employed Mr. Beharry from 2001 to present.

11. Defendant is an agency primarily responsible for law enforcement and investigation within the five boroughs of New York City, New York.

## FACTUAL ALLEGATIONS

12. Defendant hired Mr. Beharry on July 2, 2001 as a Police Officer. Defendant subsequently promoted Mr. Beharry to Sergeant at the 46th Precinct, located at 2120 Ryer Ave., Bronx, New York 10457-2919.

13. As set forth in greater detail below, Mr. Beharry experienced a plethora of discrimination and harassment based on his race and retaliation during his employment with Defendant.

14. In November 2015, two African-American officers made a complaint about racist comments in the workplace to Mr. Beharry. As per Defendant's policy, Mr. Beharry issued a formal complaint to Defendant's Office of Equal Employment Opportunity on November 18, 2015.

15. In retaliation for Mr. Beharry filing this official complaint, Defendant refused to provide Mr. Beharry with overtime opportunities and preferential supervisory roles.

16. In March 2016, Mr. Beharry requested a preferential supervisory role. Defendant denied this request. Instead, Defendant reassigned Mr. Beharry to a patrol position, resulting in a burdensome schedule for Mr. Beharry. Defendant provided preferential supervisory positions to seven Hispanic officers with significantly less experience than Mr. Beharry.

17. In July 2016, Defendant issued a "failure to supervise" reprimand against Mr. Beharry, despite two other supervisors of minority background being present in the precinct at the same time.

18. In December 2016, Defendant restructured Mr. Beharry's schedule, requiring that he cover shifts from 4pm to midnight.

19. In December 2017, within a week of the EEOC concluding Mr. Beharry's discrimination complaint, Defendant placed Mr. Beharry on a baseless Performance Monitoring plan.

20. Defendants have treated Mr. Beharry differently as compared to similarly-situated Hispanic employees regarding opportunities for supervisory positions and pretextual disciplinary actions. Defendant harassed and discriminated against Mr. Beharry in compensation and in the terms, conditions, and privileges of his employment on account of his race and retaliation.

## FIRST CAUSE OF ACTION AGAINST DEFENDANT
### (DEPRIVATION OF RIGHTS IN VIOLATION OF 42 U.S.C. § 1981)

21. Mr. Beharry repeats and realleges every paragraph above, as if fully set forth herein.

22. Mr. Beharry is a member of a racial minority.

23. Defendant and/or its agents intended to discriminate against Mr. Beharry on the basis of his race.

24. Defendant's discrimination the discrimination concerned one of the activities protected by the Civil Rights Act of 1964, 42 U.S.C. §1981.

25. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the Civil Rights Act of 1964, 42 U.S.C. §1981, Mr. Beharry suffered and continues to suffer mental anguish and emotional distress, including but not limited to humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, emotional pain and suffering, for which he is entitled to an award of monetary damages and other relief.

## SECOND CAUSE OF ACTION AGAINST DEFENDANT
### (DISCRIMINATION IN VIOLATION OF 42 U.S.C. §2000)

26. Mr. Beharry repeats and realleges every paragraph above, as if fully set forth herein.

27. Mr. Beharry is a member of a protected class pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e-2.

28. Mr. Beharry possessed proper qualifications for Defendant to grant him a supervisory position and overtime opportunities.

29. Defendant's repeated improper denials of overtime and supervisory roles adversely affected Mr. Beharry's employment.

30. The circumstances previously herein set forth give rise to the inference of racial discrimination by Defendant.

31. The Defendant continue to discriminate against Mr. Beharry and violate his Civil Rights to this date.

32. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e-2 §703(a), Mr. Beharry suffered and continues to suffer mental anguish and emotional distress, including but not limited to humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, emotional pain and suffering, for which he is entitled to an award of monetary damages and other relief.

### THIRD CAUSE OF ACTION AGAINST DEFENDANT
### (DISCRIMINATION IN VIOLATION OF N.Y. EXEC. LAW § 296)

33. Mr. Beharry repeats and realleges every paragraph above, as if fully set forth herein.

34. Mr. Beharry is a member of a protected class pursuant to New York Executive Law § 296.

35. Mr. Beharry possessed proper qualifications for Defendant to grant him a supervisory position and overtime opportunities.

36. Defendant's repeated improper denials of overtime and supervisory roles adversely affected Mr. Beharry's employment.

37. The circumstances previously herein set forth give rise to the inference of racial discrimination.

38. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of N.Y. Exec. Law §296, Mr. Beharry suffered and continues to suffer mental anguish and emotional distress, including but not limited to humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, emotional pain and suffering, for which he is entitled to an award of monetary damages and other relief.

### FOURTH CAUSE OF ACTION AGAINST DEFENDANT
### (DISCRIMINATION IN VIOLATION OF N.Y.C. ADMIN. CODE §8-107)

39. Mr. Beharry repeats and realleges every paragraph above, as if fully set forth herein.

40. Mr. Beharry is a member of a protected class pursuant to New York City Administrative Code § 8-107.

41. Mr. Beharry possessed proper qualifications for Defendant to grant him overtime opportunities and supervisory positions.

42. Defendant's repeated improper denials of overtime and supervisory roles adversely affected Mr. Beharry's employment.

43. The circumstances previously herein set forth give rise to the inference of racial discrimination.

44. As a direct and proximate result of Defendants' unlawful and discriminatory conduct in violation of N.Y.C. Admin. Code §8-107, Mr. Beharry suffered and continues to suffer mental anguish and emotional distress, including but not limited to humiliation, embarrassment,

stress and anxiety, loss of self-esteem and self-confidence, emotional pain and suffering, for which he is entitled to an award of monetary damages and other relief.

**WHEREFORE**, Mr. Beharry prays that the Court enter judgment in his favor and against Defendants, containing the following relief:

A. A declaratory judgment that actions, conduct, and practices of Defendants complained of herein violate the laws of the United States and the State and City of New York;

B. An injunction and order permanently restraining Defendants from engaging in such unlawful conduct;

C. An award of damages in the amount to be determined at trial, plus prejudgment interest, to compensate Mr. Beharry for all monetary and/or economic harm;

D. An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Mr. Beharry for all non-monetary and/or compensatory harm, including but not limited to, compensation for mental anguish, humiliation, embarrassment, stress and anxiety, emotional pain and suffering, and emotional distress;

E. An award of damages for any and all other monetary/non-monetary losses suffered by Mr. Beharry in an amount to be determined at trial, plus prejudgment interest;

F. An award of punitive damages;

G. An award of costs that Mr. Beharry incurred in this action, as well as Mr. Beharry's reasonably attorneys' fees to the fullest extent permitted by law; and

H. Such other and further relief as the Court may deem just and proper.

Dated: New York, New York
      March 6, 2018

                                            Respectfully submitted,

*/s/ Michael P. Hilferty*

Michael P. Hilferty (MH2205)
White, Nisar & Hilferty, LLP
*Attorneys for Plaintiff*
*Richard Beharry*
570 Lexington Avenue, 16th Floor
New York, New York 10022
(646) 690-8881

8