UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



Tell Beharry,

        Plaintiff,

—v—

The City of New York,

        Defendant.

18-cv-2042 (AJN)

OPINION & ORDER

ALISON J. NATHAN, District Judge:

Plaintiff Tell Beharry filed a second amended complaint on June 27, 2018. Dkt. No. 17. On August 2, 2018, Defendant City of New York moved to dismiss the second amended complaint. Dkt. No. 23. For the following reasons, Defendant's motion to dismiss is granted in part and denied in part.

I.     **Background**

On a Rule 12(b)(6) motion, a court must take the facts alleged in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *See Gatt Commc'ns, Inc. v. PMC Assocs., L.L.C.*, 711 F.3d 68, 74 (2d Cir. 2013). Accordingly, the following statement of facts is drawn from the second amended complaint ("Sec. Am. Compl."), Dkt. No. 17.

Plaintiff is an African-American male residing in Suffolk County, New York. Sec. Am. Compl. ¶ 10. Defendant is a municipality controlling the City of New York Police Department ("NYPD"). Sec. Am. Compl. ¶ 11. Defendant hired Plaintiff as a police officer in 2001. Sec. Am. Compl. ¶ 12. In 2010, Plaintiff was promoted to Sergeant at the 46th Precinct, located in the Bronx, New York. Sec. Am. Compl. ¶ 12.

According to Plaintiff, during his employment with Defendant, he has experienced discrimination, harassment, and retaliation based on his race. *See* Sec. Am. Compl. ¶ 13. Plaintiff alleges that Defendant provides beneficial treatment to Hispanic officers in his precinct. Sec. Am. Compl. ¶ 14. This includes, *inter alia*, that Defendant pursued Plaintiff for disciplinary actions due to his race. *See* Sec. Am. Compl. ¶¶ 14, 36, 38, 42. The amended complaint alleges that other Hispanic officers exhibited similar or, sometimes worse professional behavior for which they were not subjected to disciplinary action. *See* Sec. Am. Compl. ¶¶ 14, 16, 35, 39, 44. According to the amended complaint, Defendant denied Plaintiff preferential supervisory roles that were instead provided to Hispanic officers with less seniority than Plaintiff. *See* Sec. Am. Compl. ¶¶ 44, 45. Plaintiff also alleges that in November 2015, two African-American officers reported to Plaintiff that they had heard racist comments in the workplace made by a Caucasian male officer. Sec. Am. Compl. ¶ 19. In response, on November 18, 2015, Plaintiff filed a formal complaint to the NYPD's Office of Equal Employment Opportunity regarding the comments. Sec. Am. Compl. ¶ 19. According to the second amended complaint, after reporting this incident, Defendant retaliated against Plaintiff by refusing to provide him with overtime opportunities and certain preferential supervisory roles. Sec. Am. Compl. ¶ 19.

On June 6, 2017, Plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC"). Sec. Am. Compl. ¶ 6. On December 7, 2017, the EEOC issued Plaintiff a notice of right to file suit. Sec. Am. Compl. ¶ 7. On March 6, 2018, Plaintiff filed the complaint in this case. Dkt. No. 1. Plaintiff then filed a first amended complaint on April 19, 2018. Dkt. No. 7.

2

After Defendant moved to dismiss the first amended complaint, *see* Dkt. No. 11, Plaintiff filed a second amended complaint on June 27, 2018. Dkt. No. 17. The second amended complaint alleges claims of racial discrimination and retaliation under the Civil Rights Act of 1964, 42 U.S.C. § 1981 ("Section 1981"), Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2 ("Title VII"), New York State Human Rights Law, N.Y. Exec. Law 290 ("NYSHRL"), and the New York City Human Rights Law, N.Y. Admin. Code 8-101, ("NYCHRL"). On August 2, 2018, Defendant moved to dismiss the second amended complaint. Dkt. No. 23. The Court now addresses Defendant's motion to dismiss.

## II. Standard

When a defendant moves to dismiss under Rule 12(b)(6), the Court must "accept all allegations in the complaint as true and draw all inferences in the non-moving party's favor." *LaFaro v. N. Y. Cardiothoracic Grp., PLLC*, 570 F.3d 471, 475 (2d Cir. 2009). The complaint will survive the motion to dismiss as long as it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). Although this standard does not require "detailed factual allegations," it "requires more than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In resolving a motion to dismiss, review is generally limited to "the facts as asserted within the four corners of the complaint, the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007).

## III. Plaintiff's Claims

### A. Timeliness

Defendant argues that some of the claims alleged in Plaintiff's complaint are time-barred.

3

*See* Dkt. No. 24 ("Def. Br.") at 6-7. Plaintiff counters that under the continuing violation doctrine, all allegations in his second amended complaint can be considered. *See* Dkt. No. 25 ("Pl. Br.") at 5-7. Under the continuing violation doctrine, "if a Title VII plaintiff files an EEOC charge that is timely as to any incident of discrimination in furtherance of an ongoing policy of discrimination, all claims of acts of discrimination under that policy will be timely even if they would be untimely standing alone. To trigger such a delay, the plaintiff must allege both the existence of an ongoing policy of discrimination and some non-time-barred acts taken in furtherance of that policy." *Rivas v. New York State Lottery*, No. 18-833-CV, 2018 WL 6656390, at *2 (2d Cir. Dec. 18, 2018) (summary order) (citations omitted). Additionally, "the continuing violation doctrine does not apply to discrete unlawful acts, even if the discrete acts were undertaken pursuant to a general policy that results in other discrete acts occurring within the limitations period. An employer's failure to promote is by its very nature a discrete act." *Id.* (citations omitted).

In order "to take advantage of the continuing violation exception, a plaintiff must clearly assert the continuous violation in both her EEOC filing and her complaint." *Humphreys v. New York City Health & Hosps. Corp.*, No. 16-CV-9707 (VSB), 2018 WL 3849836, at *4 (S.D.N.Y. Aug. 10, 2018) (citing *Miller v. Int'l Tel. & Tel. Corp.*, 755 F.2d 20, 26 (2d Cir. 1985)). Additionally, "multiple incidents of discrimination, even similar ones, that are not the result of a discriminatory policy or mechanism do not amount to a continuing violation." *Quinn v. Green Tree Credit Corp.*, 159 F.3d 759, 765 (2d Cir. 1998) (internal quotation marks omitted).

Plaintiff has not alleged a continuing violation by Defendant. Nor has Plaintiff alleged that the discriminatory and retaliatory acts are the result of a policy. Rather, Plaintiff only raised the continuing violation doctrine as an argument in his opposition to Defendant's motion to

4

dismiss. Therefore, he cannot rely on it to allow his otherwise time-barred claims to proceed. *Humphreys*, 2018 WL 3849836, at *4; *Quinn*, 159 F.3d at 765.

When the continuing violation doctrine does not apply, acts of discrimination and retaliation are time-barred under Title VII if a plaintiff does not file a charge of discrimination with the EEOC or a qualified state or local fair employment practice agency within 300 days after the alleged unlawful employment practice. *See* 42 U.S.C. § 2000e-5(e)(1); *Sanderson v. New York State Elec. & Gas Corp.*, 560 F. App'x 88, 90 (2d Cir. 2014) (citations and quotation marks omitted); *see also Tewksbury v. Ottaway Newspapers*, 192 F.3d 322, 327 (2d Cir. 1999). As Plaintiff filed his EEOC complaint on June 6, 2017, *see* Sec. Am. Compl. ¶ 6, any claims that are premised on acts prior to August 10, 2016 are time-barred. This would include, *inter alia*: throughout 2015, the crossing-out of infractions recorded by African-American sergeants against Hispanic officers, Sec. Am. Compl. ¶ 16; the May 2015 command discipline Plaintiff received for failing to ensure the entry of a complaint into the complaint report system, Sec. Am. Compl. ¶ 18; the denial of Plaintiff's request for a preferential assignment shortly after March 23, 2016, Sec. Am. Compl. ¶ 22; the April and May 2016 command disciplines Plaintiff received, Sec. Am. Compl. ¶¶ 23-24; and the failure to process Plaintiff's submission to the Supervisory Assignment Board, Sec. Am. Compl. ¶ 32. Accordingly, claims predicated on these factual allegations are dismissed as time-barred.

### B. Section 1981 Claims

Defendant argues that Plaintiff's discrimination and retaliation § 1981 claims against Defendant must be dismissed, as the Second Circuit has held that a § 1981 claim can only be enforced through a § 1983 claim against a state actor. *See* Def. Br. at 19-20 (citing *Duplan v. City of New York*, 888 F.3d 612, 621 (2nd Cir. 2018)). The Second Circuit recently made clear

that "§ 1981 does not provide a separate private right of action against state actors" apart from § 1983, and any allegations against such entities must therefore be brought pursuant to the latter provision. *Duplan v. City of New York*, 888 F.3d 612, 621 (2d Cir. 2018). As Plaintiff does not allege a § 1983 claim in the Second Amended Complaint, nor the elements of a § 1983 claim, Plaintiff's discrimination and retaliation claims pursuant to § 1981 are dismissed as a matter of law. *See Triana v. Sodexo, Inc.*, No. 15-CV-5895 (RA), 2018 WL 6413151, at *5 (S.D.N.Y. Dec. 5, 2018).

### C. Discrimination Claims

Plaintiff also raises discrimination claims under Title VII, NYSHRL, and NYCHRL. Discrimination claims under Title VII are analyzed under the burden-shifting scheme adopted by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Nieblas-Love v. New York City Hous. Auth.*, 165 F. Supp. 3d 51, 65 (S.D.N.Y. 2016). However, "[t]he facts required by *Iqbal* to be alleged in the complaint need not give plausible support to the ultimate question of whether the adverse employment action was attributable to discrimination"; instead, "[t]hey need only give plausible support to a minimal inference of discriminatory motivation." *Littlejohn v. City of N.Y.*, 795 F.3d 297, 311 (2d Cir. 2015). Under that standard, a plaintiff can survive a motion to dismiss if she alleges: (1) that she is a member of a protected class, (2) that she was qualified for the position ..., (3) that she suffered an adverse employment action, and (4) can sustain a minimal burden of showing facts suggesting an inference of discriminatory motivation. *Id.*

Defendant concedes that Plaintiff has sufficiently alleged that he is a member of a protected class and that he is qualified for the position of an NYPD sergeant. *See* Def. Br. at 9. However, Defendant argues that Plaintiff has not sufficiently alleged an adverse employment

6

action and has not met his burden to showing facts suggesting an inference of discriminatory animus. *Id.*

Plaintiff has sufficiently alleged an adverse employment action. "An adverse employment action is one which is more disruptive than a mere inconvenience or an alteration of job responsibilities. Examples of materially adverse changes include termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other indices unique to a particular situation." *Terry v. Ashcroft*, 336 F.3d 128, 138 (2d Cir. 2003) (quotation marks and citations omitted). Here, Plaintiff has alleged that he was issued a disciplinary penalty of lost vacation days by Defendant. *See* Sec. Am. Compl. ¶ 38.

Plaintiff has also met his minimal burden of showing facts suggesting an inference of discriminatory motivation for the loss of his vacation days. Discriminatory motivation may be shown by "the more favorable treatment of employees not in the protected group." *Littlejohn*, 795 F.3d at 312. According to the second amended complaint, in November 2016, Plaintiff was questioned for accepting money from his subordinate officers. Sec. Am. Compl. ¶ 34. Plaintiff explained that he collected money from officers to purchase food and refreshments for an office party to celebrate a captain's transfer to another precinct in late 2014. *Id.* In February 2017, Defendant issued charges based upon Plaintiff allegedly accepting funds from subordinate officers. Sec. Am. Compl. ¶ 38. Plaintiff was docked two vacation days. *Id.* Plaintiff also alleges, in detail, that several "Hispanic officers engaged in similar behavior with no consequences." Sec. Am. Compl. ¶ 35. Plaintiff alleges multiple officers who collected money from subordinate officers throughout 2016 and 2017 and were never issued command disciplines, and thus, never lost vacation days. *See id.* (collecting examples). These facts are

7

sufficient to suggest an inference of discriminatory motivation. *See Littlejohn*, 795 F.3d at 312; *Johnson v. Andy Frain Servs., Inc.*, 638 F. App'x 68, 70 (2d Cir. 2016). Accordingly, Defendant's motion to dismiss Plaintiff's Title VII discrimination claim is denied.

Plaintiff's NYSHRL discrimination claim is governed by the same analysis as Title VII. *See Tolbert v. Smith*, 790 F.3d 427, 434-35 (2d Cir. 2015). The NYCHRL has been construed more broadly than federal discrimination claims. *See Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 109 (2d Cir. 2013). Accordingly, Defendant's motion to dismiss Plaintiff's NYSHRL and NYCHRL discrimination claims is also denied.

### D.     Retaliation Claims

Plaintiff also raises retaliation claims under Title VII, NYSHRL, and NYCHRL. At the motion to dismiss stage for a Title VII retaliation claim, "the allegations in the complaint need only give plausible support to the reduced prima facie requirements that arise under *McDonnell Douglas* in the initial phase of a Title VII litigation." *Littlejohn v. City of N.Y.*, 795 F.3d 297, 318 (2d Cir. 2015). "[A] plaintiff must present evidence that shows (1) participation in a protected activity; (2) that the defendant knew of the protected activity; (3) an adverse employment action; and (4) a causal connection between the protected activity and the adverse employment action." *Id.* at 315 (quotation marks omitted). "[P]roof of causation can be shown either: (1) indirectly, by showing that the protected activity was followed closely by discriminatory treatment, or through other circumstantial evidence such as disparate treatment of fellow employees who engaged in similar conduct; or (2) directly, through evidence of retaliatory animus directed against the plaintiff by the defendant." *Gordon v. NYC Bd. of Educ.*, 232 F.3d 111, 117 (2d Cir. 2000).

According to the second amended complaint, on November 18, 2015, Plaintiff filed a formal complaint to the NYPD's Office of Equal Employment Opportunity regarding racist comments two African-American officers had overheard in the workplace. Sec. Am. Compl. ¶ 19. Plaintiff argues that he was retaliated against for filing this complaint. *See* Sec. Am. Compl. ¶¶ 19, 74-91.

Even assuming, *arguendo*, Plaintiff sufficiently alleges the first three prongs of a retaliation claim, Plaintiff's claim fails at prong four. As discussed above, a retaliation claim premised on factual allegations prior to August 10, 2016 is time-barred. Plaintiff would therefore need to allege a causal connection between the November 18, 2015 filing and an incident that occurred after August 10, 2016. Plaintiff makes no allegations in the second amended complaint—such as disparate treatment of fellow employees who also engaged in a similar protected activity—which could support an inference of causation. *See DeCintio v. Westchester Cty. Med. Ctr.*, 821 F.2d 111, 115 (2d Cir. 1987). Nor can Plaintiff rely on the temporal proximity between his protected activity and any adverse employment action. It is true that the Second Circuit "has not drawn a bright line defining, for the purposes of a prima facie case, the outer limits beyond which a temporal relationship is too attenuated to establish causation" *Gorzynski v. JetBlue Airways Corp.*, 596 F.3d 93, 110 (2d Cir. 2010), and has held that spans of four or five months, in certain circumstances, are sufficient to establish a causal relationship. *See id.*, *Gorman-Bakos v. Cornell Co-op Extension of Schenectady Cty.*, 252 F.3d 545, 555 (2d Cir. 2001). However, here, there is approximately a nine month gap between Plaintiff filing the complaint and any adverse employment action that Plaintiff could rely on as the premise for a retaliation claim. In the absence of any other evidence of retaliation, "the Court concludes that temporal proximity is not enough to nudge Plaintiff's claims across the line from

conceivable to plausible." *Febrianti v. Worldwide*, No. 15-CV-0635 (JMF), 2016 WL 502027, at *5 (S.D.N.Y. Feb. 8, 2016), *dismissed sub nom. Febrianti v. Gritt*, No. 16-702, 2016 WL 11005043 (2d Cir. July 7, 2016); *see also Kouakou v. Fideliscare N.Y.*, 920 F. Supp. 2d 391, 401 (S.D.N.Y. 2012) (dismissing a retaliation claim where four months elapsed between the complaint and the adverse action because "it is well settled that when mere temporal proximity is offered to demonstrate causation, the protected activity and the adverse action must occur very close together") (quotation marks omitted); *Murray v. Visiting Nurse Servs. of N.Y.*, 528 F. Supp. 2d 257, 275 (S.D.N.Y. 2007) ("[D]istrict courts within the Second Circuit have consistently held that the passage of two to three months between the protected activity and the adverse employment action does not allow for an inference of causation." (collecting cases)); *Slattery v. Swiss Reins. Am. Corp.*, 248 F.3d 87, 95 (2d Cir. 2001) ("Where timing is the only basis for a claim of retaliation, and gradual adverse job actions began well before the plaintiff had ever engaged in any protected activity, an inference of retaliation does not arise.").

While Plaintiff raises the filing of his EEOC complaint as a possible additional protected activity in his opposition brief, *see* Pl. Br. at 16-17, Plaintiff did not allege facts related to the filing of the EEOC complaint as a basis for a cause of action in his second amended complaint. *See* Sec. Am. Compl. ¶¶ 75, 81, 87. Therefore, Plaintiff cannot rely on unalleged facts related to the filing of the EEOC complaint as the basis for stating a retaliation claim. *See McCarthy*, 482 F.3d at 191. For all of these reasons, Defendant's motion to dismiss Plaintiff's Title VII retaliation claim is granted.

The standard for evaluating a retaliation claim under state law is identical to Title VII. *See Kelly v. Howard I. Shapiro & Assocs. Consulting Engineers, P.C.*, 716 F.3d 10, 14 (2d Cir. 2013). Accordingly, Plaintiff's NYSHRL retaliation claim is also dismissed.

Defendant's motion to dismiss Plaintiff's retaliation claim under the NYCHRL is also granted. "To prevail on a retaliation claim under the NYCHRL, the plaintiff must show that she took an action opposing her employer's discrimination, and that, as a result, the employer engaged in conduct that was reasonably likely to deter a person from engaging in such action." *Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 112 (2d Cir. 2013). Even under this more generous pleading standard, a plaintiff must still show a "causal link" between the protected activity and the retaliatory action. *Kumaga v. New York City Sch. Const. Auth.*, 910 N.Y.S.2d 405 (Sup. Ct. 2010). This can be alleged through temporal proximity. *See E.E.O.C. v. Bloomberg L.P.*, 967 F. Supp. 2d 816, 862 (S.D.N.Y. 2013); *Harrington v. City of New York*, 70 N.Y.S.3d 177, 181 (1st Dep't 2018).

For the same reasons as those discussed above, Plaintiff's NYCHRL retaliation claim fails because of the approximately nine month gap between Plaintiff filing the complaint with the NYPD's Office of Equal Employment Opportunity and any adverse employment action that Plaintiff could rely on as the premise for a claim. The nine month gap is too attenuated to establish a causal connection. *See Mooney v. City of New York*, No. 18-cv-328 (DLC), 2018 WL 4356733, at *9 (S.D.N.Y. Sept. 12, 2018) (dismissing a NYCHRL retaliation claim because of a five month gap between the protected activity and the adverse employment action). Accordingly, the NYCHRL retaliation claim is also dismissed.

## IV. Conclusion

For the foregoing reasons, Defendant's motion to dismiss is GRANTED IN PART AND DENIED IN PART. Any claim premised on allegations that Plaintiff alleged occurred prior to August 10, 2016 are time-barred. Defendant's motion to dismiss Plaintiff's § 1981 claims, Title VII retaliation claim, NYSHRL retaliation claim, and NYCHRL retaliation claim is granted.

11

Defendant's motion to dismiss Plaintiff's Title VII discrimination claim, NYSHRL discrimination claim, and NYCHRL discrimination claim is denied.

An initial pretrial conference will be scheduled by separate order. This resolves docket numbers 11 and 23.

SO ORDERED.

Dated: February 14, 2019
New York, New York

_____
ALISON J. NATHAN
United States District Judge